FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

DEC 1 9 2003

[signature]
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH ESTRADA,

    Petitioner,

v.                                    Civ. No. 03-1122 MCA/RLP

DAVID CLUFF, Warden, *et al.*,

    Respondents.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1.    This is a proceeding brought pursuant to 28 U.S.C. § 2254. Petitioner is currently confined in a facility in Winslow, Arizona and contests the Judgment, Partially Suspended Sentence and Commitment entered in *State v. Estrada*, CR-98-442 and CR 98-4222 Supplemental, in the Second Judicial District Court (County of Bernalillo), State of New Mexico. *See* Exhibit A to Answer [Doc. 7]. On September 3, 1999 Petitioner was sentenced to four years' imprisonment, to be followed by five years of supervised probation. *Id.*

2.    Respondents have filed a Motion to Dismiss based on untimeliness. [Doc. 9]. Because the court agrees with Respondents that the § 2254 petition is untimely, the merits of the case are not discussed.

---

[1] Within ten (10) days after a party is served with a copy of the "Magistrate Judge's Proposed Findings and Recommended Disposition" (the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.

3. The Judgment was entered in state court on September 3, 1999. Petitioner filed a direct appeal which resulted in the New Mexico Court of Appeals' affirmance of his conviction on April 3, 2001. See Exhbit P. Petitioner filed a petition for writ of certiorari with the New Mexico Supreme Court on May 3, 2001, which was denied on May 29, 2001. See Exhibits Q & R. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, but is allowed a 90-day period for that purpose. Therefore, his one year time limit, pursuant to § 2244(d)(1), began to run on August 29, 2001, which is 90 days after May 29, 2001.

4. On July 2, 2002 Petitioner filed a petition for writ of habeas corpus in state court. See Exhibit V. At the time of this filing, Petitioner had 56 days remaining on the one year limitation period. The limitation period was tolled until September 25, 2002, when all relief had been denied. See Exhibits W (denial of relief by state court; X (petition for writ of certiorari to New Mexico Supreme Court); and Y (denial of writ). Petitioner's time started running again on September 25, 2002. As indicated in the preceding paragraph, 56 days remained on his time limit, which date is November 21, 2002. The petition for writ of habeas corpus seeking relief in this court was filed on September 24, 2003, almost one year later.

5. The court agrees with Respondents that even if the time is tolled while Petitioner sought and was denied a reduction in sentence, see Exhibits T (October 9, 2001) and U (October 16, 2001), that petition is still untimely under § 2244(d)(1).

2

## RECOMMENDED DISPOSITION

I recommend that the Motion to Dismiss [Doc. 8] be granted and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge